# Roth's Estate.

*Wills—Life estate—Remainder—Distribution.*

Testator by the first clause of his will gave his wife his entire estate for life. By the second clause he gave her absolutely one-half of the estate, and the remainder was at her death to be divided amongst four nieces and nephews. The third clause gave R. one of the nephews $600 per year until he should complete his college career. The next five clauses made specific bequests amounting to $17,000 payable at the wife's death. *Held,* (1) that the widow took an immediate interest in one-half of the estate of her husband; (2) that the estate to be accounted for at her death was the remaining one-half as found by the adjudication of the first account of the executors filed after the death of the husband; (3) that the specific bequests amounting to $17,000 were payable out of this fund before the residuary bequests to the nephews and nieces, as the testator directed that they be "paid out of my estate after the death of my wife."

Argued March 13, 1918. Appeal, No. 78, Jan. T., 1918, by Frank Roth, from decree of O. C. Schuylkill Co., Jan. T., 1917, No. 156, dismissing exceptions to adjudication in Estate of Gustavus Roth, deceased. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Exceptions to adjudication.
The opinion of the Superior Court states the facts.

*Error assigned* was in dismissing exceptions to adjudication.

*Carl H. Wagner,* with him *R. Louis Grambs,* for appellant.—The later sections of this will are contradictory to the second section, for in that section the entire estate has been given away, but the sections are not that repugnant to each other that they cannot both stand, and it was the evident intention of Gustavus Roth to give

the parties named the amounts stated in these clauses, but not to give it to them until after his wife's death. To give the wife one-half of the estate, absolutely, and deduct from the other half given to the nieces and nephews, but payable after the wife's death the $17,000 of cash bequests, would not be consistent with the second clause of this will, for in that clause one undivided half was given to the wife and the other undivided half to the four nieces and nephews, and to construe that as meaning that Mrs. Roth should get $28,000 and that out of the $28,000 coming to the nieces and nephews there should be first deducted the $17,000 of cash bequests, which would leave $11,000 for distribution would not be giving one undivided half to the nieces and nephews. We do not see how there can be any other construction of this will than by deducting the $17,000 from the entire estate for distribution, and dividing the balance in half, giving the estate of Eliza Roth one-half and the four nieces and nephews the other half, and we contend that the fact that the half devised to the nieces and nephews is not payable until after the wife's death has no bearing upon the question involved, for those bequests were not contingent but vested and the death of either one of the nieces or nephews would not cause the bequest to lapse, as the payment only was postponed, and in case of death the heirs or legal representatives could demand the share: Sellers v. Meyers, 56 Pa. Superior Ct. 207.

*Arthur L. Shay*, with him *R. J. Graeff*, for appellee.

OPINION BY WILLIAMS, J., July 10, 1918:

Gustavus Roth, the testator, died September 26, 1896. The first clause of his will gave his wife his entire estate for life. The second clause gave her absolutely one-half of the estate, and the remainder was, at her death, to be divided among four nieces and nephews, of whom appellant is one. The third clause gave Frank Roth $600 per year until he should complete his college career. The

next five clauses made specific bequests amounting to
$17,000, payable at Mrs. Roth's death. The wife and
Charles Heinrich were named as executors. Being cited
to file an account, they complied in March, 1902, and the
Orphans' Court found the value of the estate to be $56,-
841.38. Heinrich was, upon his own request, relieved as
executor. Mrs. Roth died December 26, 1913, and her
executors filed an account of her husband's estate show-
ing assets amounting to $40,395.09. At this time appel-
lant had received advancements amounting to $1,492,
upon which the court charged interest, $1,239.85, making
a total of $2,731.85. To this sum may be added $324.23,
allowed him by this decree, so that he has received from
the estate $3,056.28.

Mrs. Roth took an absolute and immediate interest in
one-half the estate of her husband under the will. The
estate to be accounted for at her death was the remain-
ing one-half of $56,841.38, found to be the value of the
estate at the first account in 1902, or $28,420.69. The
specific bequests were payable out of this fund before
the residuary bequests to the nieces and nephews, as the
testator directed that they be "paid out of my estate
after the death of my wife Eliza Roth." These bequests,
with interest, amounted to $17,280.50, which, deducted
from $28,420.69, left $11,140.19, and, adding interest,
$1,645.33, on the sum from the death of the life tenant,
or a total of $12,755.52, for distribution among the re-
siduary legatees. After deducting proper credits, $3,-
410.41, there remained $9,345.11, of which appellant was
entitled to one-fourth, or $2,336.28, and, as he has re-
ceived $720 more than he was entitled to under the will,
he has no standing to complain.

The appeal is dismissed at the cost of appellant.